UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INNOVATIVE SPORTS MANAGEMENT INC., d/b/a INTEGRATED SPORTS MEDIA, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-cv-03058-X |
| HF FOOD AND ENTERTAINMENT, LLC, et al., | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION**

Before the Court is plaintiff Innovative Sports Management Inc.'s ("ISM") motion for default judgment against defendants HF Food and Entertainment, LLC, Barbara R. Lozano (individually and d/b/a Happy Fish de Dallas), and Maria Barajas ("the Defendants"). [Doc. No. 19]. For the reasons below, the Court **GRANTS** the motion for default judgment.

**I. Factual Background**

When world-class boxers Canelo Alvarez and Rocky Fielding fought for the super middleweight title on December 15, 2018, ISM held the exclusive rights to permit commercial businesses to broadcast the match. The Defendants operate and manage a commercial business called Happy Fish de Dallas, where ISM alleges they publicly exhibited the fight without paying ISM for a commercial sublicense. ISM

1

sued the Defendants for piracy under the Federal Communications Act of 1934.[1]

All three Defendants were served in March 2022.[2] They failed to file any answer or responsive pleading, and none have appeared in this case. Accordingly, ISM requested an entry of default against them, which the clerk granted on April 6, 2022.[3] ISM now moves for a default judgment against the Defendants.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint, except regarding damages.[4]

---

[1] *See* 47 U.S.C. §§ 553(a)(1) ("No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."), 605(a) ("No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communications to any person.").

[2] Doc. Nos. 14–16.

[3] Doc. No. 18.

[4] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (recognizing that a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[5] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[6] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings for the judgment.[7]

### III. Analysis

The Court deems the facts on liability to be admitted. Here, ISM served the Defendants with the complaint, and the Defendants have yet to respond. The application for a clerk's default was supported by an affidavit regarding service of process. While Rule 55 allows for hearings when a party has not appeared, it does not command them.[8] The Court will proceed without a hearing.

#### A. Procedural Appropriateness of Default Judgment

The Court now turns to the six *Lindsey* factors. First, there are no material

---

[5] *See U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.").

[6] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[7] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[8] FED. R. CIV. PROC. 55(b)(2) (stating that a court "may conduct hearings").

facts in dispute because the Defendants have not filed any responsive pleadings. Second, regarding substantial prejudice, the Defendants' failure to respond could bring adversarial proceedings to a halt and substantially prejudice ISM but not the Defendants. Third, the Defendants' ongoing failure to respond or participate in this litigation clearly establishes grounds for the default. Fourth, regarding mistake or neglect, the Court has no reason to believe that the Defendants are acting under a good faith mistake or excusable neglect. Fifth, a default judgment would not be unduly harsh in these circumstances because the Defendants were properly served, failed to appear, and are in default, which warrants a default judgment under Rule 55(b)(2). The sixth issue is whether the Court would grant a motion to set aside the default, and the Court is unaware of any basis to do so.

### B. Sufficiency of ISM's Amended Complaint

Next, the Court must turn to the merits of ISM's claims. Although the Defendants, by virtue of their default, are deemed to have admitted ISM's well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[9] Having considered ISM's complaint, the Court finds that the allegations against the Defendants are sufficiently supported and that ISM has thus established a viable claim for relief.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** ISM's motion for default judgment against the Defendants. The Court will set a separate hearing to determine

---

[9] *Nishimatsu*, 515 F.2d at 1206.

damages.

    **IT IS SO ORDERED** this 1st day of November, 2022.

                                          BRANTLEY STARR
                                          UNITED STATES DISTRICT JUDGE